FILED - GR
January 27, 2025 2:30 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 1-27

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* [SEALED],<br><br>Plaintiff,<br><br>– Against –<br><br>[SEALED],<br><br>Defendant. | Civil Action No ____________<br><br>**FALSE CLAIMS ACT COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

**FILED IN CAMERA AND UNDER SEAL UNDER**
**31 U.S.C. § 3730(b)(2)**
**DO NOT POST ON ECF**
**DO NOT PUT IN PRESS BOX**

**1:25-cv-103**
**Jane M. Beckering**
**U.S. District Judge**

Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, #601
Coraopolis, PA 15108
(412) 436-3443
*Counsel for Plaintiff Relator*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SIDESOLVE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TENEX CAPITAL MANAGEMENT GP, LLC, TENEX CAPITAL MANAGEMENT, LLC, TENEX CAPITAL MANAGEMENT, L.P., TENEX CAPITAL PARTNERS FEEDER FUND, L.P., TENEX CAPITAL PARTNERS GP, LLC, TENEX CAPITAL PARTNERS GP, L.P., TENEX CAPITAL PARTNERS II GP, LLC, TENEX CAPITAL PARTNERS II GP, L.P., TENEX CAPITAL PARTNERS III GP, LLC, TENEX CAPITAL PARTNERS III GP, L.P., TENEX CAPITAL PARTNERS III, L.P., TENEX CAPITAL PARTNERS II, L.P., TENEX CAPITAL PARTNERS IV-A, L.P., TENEX CAPITAL PARTNERS IV GP, LLC, TENEX CAPITAL PARTNERS IV GP, L.P., TENEX CAPITAL PARTNERS IV, L.P., TENEX CAPITAL PARTNERS, L.P., TENEX CAPITAL PARTNERS SG, L.P., SES FOAM, LLC, HOLCIM (US) INC., HOLCIM (US) LLC , HOLCIM SOLUTIONS AND PRODUCTS US LLC, ROSCOE MEDICAL, INC., TERRYBERRY COMPANY LLC, BIG BOLT LLC, BIG BOLT HOLDINGS LLC, SMILE DESIGN DENTISTRY ST PETE LLC, SMILE DESIGN WESTCHASE LLC, BENESYS, INC., BENESYS HOLDING COMPANY, AUTO VEHICLE PARTS HOLDINGS, LLC, GHK CAPITAL PARTNERS LP, US GREENFIBER, LLC, GREEN FIBER HOLDING LLC, APPLEGATE GREENFIBER HOLDINGS LLC, WELLSPRING CAPITAL MANAGEMENT GROUP LLC, NE FIBERS, LLC, PUGH | Civil Action No ______________<br><br>**FALSE CLAIMS ACT COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

LUBRICANTS, LLC, DAVISON FUELS & OIL, LINDSTROM LLC, BEST PROMOTIONS LLC, AND BEACON PROMOTIONS, INC.

*Defendants.*

*Qui tam* plaintiff and Relator Sidesolve LLC, through its undersigned attorney, hereby brings this action on behalf of the United States of America, against:

- Tenex Capital Management GP, LLC
- Tenex Capital Management, LLC
- Tenex Capital Management, L.P.
- Tenex Capital Partners Feeder Fund, L.P.
- Tenex Capital Partners GP, LLC
- Tenex Capital Partners GP, L.P.
- Tenex Capital Partners II GP, LLC
- Tenex Capital Partners II GP, L.P.
- Tenex Capital Partners III GP, LLC
- Tenex Capital Partners III GP, L.P.
- Tenex Capital Partners III, L.P.
- Tenex Capital Partners II, L.P.
- Tenex Capital Partners IV-A, L.P.
- Tenex Capital Partners IV GP, LLC
- Tenex Capital Partners IV GP, L.P.

- Tenex Capital Partners IV, L.P.
- Tenex Capital Partners, L.P.
- Tenex Capital Partners SG, L.P.
- SES Foam, LLC
- Holcim (US) Inc.
- Holcim (US) LLC
- Holcim Solutions and Products US LLC
- Roscoe Medical, Inc.
- Terryberry Company LLC
- Big Bolt LLC
- Big Bolt Holdings LLC
- Smile Design Dentistry St Pete LLC
- Smile Design Westchase LLC
- Benesys, Inc.
- Benesys Holding Company
- Auto Vehicle Parts Holdings, LLC
- GHK Capital Partners LP
- US GreenFiber, LLC
- Green Fiber Holding LLC
- Applegate Greenfiber Holdings LLC

- Wellspring Capital Management Group LLC
- NE Fibers, LLC
- Pugh Lubricants, LLC
- Davison Fuels & Oil
- Lindstrom LLC
- Best Promotions LLC, and
- Beacon Promotions, Inc.

The claims asserted in this Complaint are based on Defendant(s) submitting, or causing to be submitted, materially false applications for Paycheck Protection Program ("PPP") loan and related forgiveness despite not qualifying for the loans and/or forgiveness of the loans. Defendants' applications included materially false statements or material omissions about the existence of affiliated employees, the fact that Defendants do not qualify as "small" under the relevant SBA standards and alternative size standards, the lack of need for the capital infusion, and the inability to access alternative sources of capital.

The subject PPP loan applications were approved for a total amount of $34,242,978 and were forgiven for a total amount of $34,398,165 that would not otherwise have been paid but for the false claims described herein. The claims are based on the facts and information set forth below.

## TABLE OF CONTENTS


**NATURE OF THE CLAIM** .......... **8**

**PARTIES** .......... **8**

A. Relator – Sidesolve LLC .......... 8

B. Tenex Capital Management .......... 8

C. SES Foam LLC .......... 11

D. Holcim Defendants .......... 11

E. Roscoe Medical, Inc. .......... 12

F. Terryberry Company LLC .......... 12

G. Big Bolt LLC .......... 12

H. Big Bolt Holdings LLC .......... 13

I. Smile Design Dentistry St Pete LLC .......... 13

J. Smile Design Westchase LLC .......... 14

K. Benesys, Inc. .......... 14

L. Benesys Holding Company .......... 14

M. Auto Vehicle Parts Holdings, LLC .......... 15

N. GHK Capital Partners LP .......... 15

O. US Greenfiber, LLC .......... 16

P. NE Fibers, LLC .......... 16

Q. Green Fiber Holding LLC .......... 16

R. Applegate Greenfiber Holdings LLC .......... 17

S. Pugh Lubricants, LLC .......... 17

T. Davison Fuels & Oil LLC .......... 18

U. Wellspring Capital Management Group LLC .......... 18

V. Lindstrom LLC .......... 18

W. Best Promotions LLC .......... 19

X. Beacon Promotions, Inc. .......... 19

**JURISDICTION AND VENUE** .......... **20**

**FACTS** .......... **20**

I. Governing Law ..... 20
A. The Federal False Claims Act ..... 20
B. The Paycheck Protection Program ..... 21
II. Violations of the False Claims Act ..... 25
A. PPP Loan Applications ..... 26
B. Knowingly False Statements ..... 27
C. Liability of Tenex ..... 30
D. Liability of Holcim ..... 31
E. Liability of Lindstrom LLC ..... 31
F. Liability of Green Fiber Holding LLC ..... 31
G. Liability of Applegate Greenfiber Holdings LLC ..... 31
H. Liability of Wellspring Capital Management ..... 32
I. Liability of GHK Capital Partners ..... 32
**CAUSES OF ACTION ..... 32**

## NATURE OF THE CLAIM

1. Relator sues Defendants to recover treble damages and civil penalties on behalf of the United States of America for Defendants' false applications for a PPP loan and forgiveness which information was submitted in whole or in part to the Small Business Administration ("SBA") by and through various banking institutions.

2. Defendants knew the PPP loan and forgiveness applications did not meet the established criteria set by the SBA to obtain the PPP loan or forgiveness funds.

3. Defendants engaged in the submission of false claims to the United States in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA").

## PARTIES

### A. Relator – Sidesolve LLC

4. Sidesolve LLC is a company that uses data to investigate large-scale corporate fraud. Its goal is to use this technology to protect individuals on private healthcare plans, and it is currently developing its technology using both privately purchased and public databases. It uses data science to match entities across databases, social media, and other sources. From this broader picture, it finds fraud leads, which it follows up with a more traditional manual investigation.

### B. Tenex Capital Management

5. Tenex Capital Management ("Tenex") is the brand or trade name for a family of companies which together own and/or control the other named Defendants herein.

6. The family of entities which compose Tenex include the below named entities each of which is a named Defendant herein and each of which have principal places of business at 60 E 42 St. Suite 5230, New York, NY 10165, and 100 Southeast Third Avenue Suite 803, Fort Lauderdale, FL 33394 and are organized under the laws of the state of Delaware.

a. Tenex Capital Management GP, LLC

b. Tenex Capital Management, LLC

c. Tenex Capital Management, L.P.

d. Tenex Capital Partners Feeder Fund, L.P.

e. Tenex Capital Partners GP, LLC

f. Tenex Capital Partners GP, L.P.

g. Tenex Capital Partners II GP, LLC

h. Tenex Capital Partners II GP, L.P.

i. Tenex Capital Partners III GP, LLC

j. Tenex Capital Partners III GP, L.P.

k. Tenex Capital Partners III, L.P.

l. Tenex Capital Partners II, L.P.

m. Tenex Capital Partners IV-A, L.P.

n. Tenex Capital Partners IV GP, LLC

o. Tenex Capital Partners IV GP, L.P.

p. Tenex Capital Partners IV, L.P.

q. Tenex Capital Partners, L.P.

r. Tenex Capital Partners SG, L.P.

7. Together, and at all times relevant here, Tenex owned, controlled, and/or directed the business activities (or owned and/or controlled other entities which did so) of Defendant portfolio companies SES Foam LLC, Roscoe Medical, Inc., Terryberry Company LLC, Big Bolt LLC, Smile Design Dentistry St Pete, LLC, Smile Design Westchase, LLC, BeneSys, Inc., Auto Vehicle Parts Holdings, LLC, US GreenFiber, LLC, NE Fibers, LLC, Pugh Lubricants, LLC, and Davison Fuels & Oil LLC which each applied for and obtained PPP loan funds and forgiveness to which they were not entitled or eligible.

8. Defendant Holcim (composed of Holcim (US) Inc., Holcim (US) LLC, and Holcim Solutions and Products US LLC) purchased SES Foam in 2022.

9. Defendant GHK Capital Partners LP purchased Auto Vehicle Parts Holdings in or about May 2022.

10. Defendant Applegate Greenfiber Holdings LLC purchased Green Fiber Holdings, NE Fibers, and US Greenfiber in or around December 2021.

11. Defendant Wellspring Capital Management purchased Pugh lubricants in or about October 2020.

12. Defendant Lindstrom purchased Big Bolt in December 2024.

### C. SES Foam LLC

13. SES Foam LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 2400 Spring Stuebner Rd, Spring, TX 77389.

14. SES Foam was purchased by Holcim in 2022 and renamed Enverge.

15. SES Foam took a first round PPP loan in the amount of $1,022,209 and then forgiveness of $1,033,299 to which it was not entitled.

16. SES Foam was owned and/or controlled by Tenex at the time its loan and forgiveness were approved.

17. Tenex sold SES Foam to Holcim after its loan was forgiven.

### D. Holcim Defendants

18. The Switzerland-based multinational Holcim purchased SES Foam in 2022.

19. Upon information and belief, this purchase resulted in one or more of the entities know as Holcim (US) Inc., Holcim (US) LLC, and Holcim Solutions and Products US LLC owning and/or controlling SES Foam or owning and/or controlling another entity which does.

20. Holcim (US) Inc. and Holcim (US) LLC are entities organized under the laws of the state of Delaware and Holcim Solutions and Products US LLC is organized under the laws of the state of Indiana and has a principal office location at 26 Century Blvd, Suite 205, Nashville, TN, 37214.

E. **Roscoe Medical, Inc.**

21. Roscoe Medical, Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business at 6753 Engle Rd, Middleburg Heights, OH 44130.

22. Roscoe Medical took a First Round PPP loan in the amount of $2,957,700 and then forgiveness of $2,991,653 to which it was not entitled.

23. Roscoe Medical was controlled by Tenex at the time the loan and forgiveness were approved.

F. **Terryberry Company LLC**

24. Terryberry Company LLC is a limited liability company organized under the laws of the state of Michigan with a principal place of business at 2033 Oak Industrial DR., N.E. Grand Rapids, MI 49505.

25. Terryberry took a PPP loan in the amount of $3,213,300 and then forgiveness in the amount of $3,251,331 to which it was not entitled.

26. Terryberry was owned and controlled by Tenex at the time the loan and forgiveness were approved.

G. **Big Bolt LLC**

27. Big Bolt, LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 140 Covington Drive Bloomingdale, IL, 60108.

28. Big Bolt took a PPP loan in the amount of $1,513,700 and then forgiveness in the amount of $1,527,996 to which it was not entitled.

29. Big Bolt was owned and controlled by Tenex at the time the loan and forgiveness were approved.

**H. Big Bolt Holdings LLC**

30. Big Bolt Holdings LLC is a limited liability company organized under the laws of the state of Delaware.

31. Upon information and belief, Big Bolt Holdings owned and/or controlled Big Bolt LLC at the time the loan and forgiveness were approved or now.

**I. Smile Design Dentistry St Pete LLC**

32. Smile Design Dentistry St Pete is a limited liability company organized under the laws of the state of Florida with a principal place of business at 3863 Central Avenue, St. Petersburg, FL 33713.

33. Smile Design Dentistry St Pete took a First Round PPP loan in the amount of $2,660,627 and then forgiveness in the amount of $2,691,150 to which it was not entitled.

34. Smile Design Dentistry St Pete was owned and controlled by Tenex at the time the loan and forgiveness were approved.

**J. Smile Design Westchase LLC**

35. Smile Design Westchase LLC is a limited liability company organized under the laws of the state of Florida with a principal place of business at 12113 West Linebaugh Avenue, Tampa, FL 33626.

36. Smile Design Westchase took a PPP loan in the amount of $613,302 and then forgiveness in the amount of $618,873 to which it was not entitled.

37. Smile Design Westchase was owned and controlled by Tenex at the time the loan and forgiveness were approved.

**K. Benesys, Inc.**

38. Benesys, Inc. is a corporation organized under the laws of the state of Michigan with a principal place of business at 700 Tower Drive, Suite 300 Troy, MI 48098-2808.

39. Benesys took a First Round PPP loan in the amount of $10,000,000 and then forgiveness in the amount of $10,130,833 to which it was not entitled.

40. Benesys was owned and controlled by Tenex at the time the loan and forgiveness were approved.

**L. Benesys Holding Company**

41. Benesys Holding Company is a corporation organized under the laws of the state of Delaware.

42. Upon information and belief, Benesys Holding Company owned and/or controlled Benesys, Inc. at the time the loan and forgiveness were approved or does so now.

**M. Auto Vehicle Parts Holdings, LLC**

43. Auto Vehicle Parts Holdings, LLC is a limited liability company organized under the laws of the state of Delaware with a principal address at PO Box 76548, 100 Homan Dr., Cold Spring, KY 41076.

44. Auto Vehicle Parts Holdings took a PPP loan in the amount of $1,453,000 and then forgiveness in the amount of $1,465,270 to which it was not entitled.

45. Auto Vehicle Parts Holdings was owned and controlled by Tenex at the time the loan and forgiveness were approved.

**N. GHK Capital Partners LP**

46. GHK Capital Partners is a limited partnership organized under the laws of the state of Delware with a principal place of business at 28 Havemeyer Place, 3rd Floor, Greenwich, CT 06830.

47. GHK Capital Partners purchased Auto Vehicle Parts Holdings in or about May 2022 and is therefore liable for the false PPP loan and forgiveness applications and monies received by Auto Vehicle Parts Holdings.

**O. <u>US Greenfiber, LLC</u>**

48. US Greenfiber is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 5500 77 Center Drive, Suite 100, Charlotte, NC 28217.

49. US Greenfiber took a PPP loan in the amount of $2,098,367 and then forgiveness in the amount of $2,122,265 to which it was not entitled.

50. US Greenfiber was owned and controlled by Tenex at the time the loan and forgiveness were approved.

**P. <u>NE Fibers, LLC</u>**

51. NE Fibers is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 157 Passan DR, Wilkes Barre, PA 18702.

52. NE Fibers took a PPP loan in the amount of $561,575 and then forgiveness in the amount of $566,879 to which it was not entitled.

53. NE Fibers was owned and/or controlled by Tenex at the time the loan and forgiveness were approved.

**Q. <u>Green Fiber Holding LLC</u>**

54. Green Fiber Holding is a limited liability company organized under the laws of the state of Delaware.

55. Green Fiber Holding is a paper company that owns and/or controls NE Fibers LLC and US Greenfiber LLC. Tenex in turn owns and/or controls Green Fiber Holding and through it NE Fibers LLC and US Greenfiber LLC.

**R. Applegate Greenfiber Holdings LLC**

56. Applegate Greenfiber Holdings is a limited liability company organized under the laws of State of Delaware.

57. Applegate Greenfiber Holdings purchased Green Fiber Holdings, NE Fibers, and US Greenfiber in or around December 2021 and is therefore liable for the false PPP loan and forgiveness applications and monies received by both NE Fibers and US Greenfiber.

**S. Pugh Lubricants, LLC**

58. Pugh Lubricants is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 701 McDowell Rd, Asheboro, NC 27205.

59. Pugh Lubricants took a PPP loan in the amount of $4,101,600 and then forgiveness in the amount of $4,149,680 to which it was not entitled.

60. Pugh Lubricants was owned and/or controlled by Tenex at the time the loan and forgiveness were approved.

**T. Davison Fuels & Oil LLC**

61. Davison Fuels & Oil LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 8450 Tanner Williams Rd., Mobile, AL 36608.

62. Davison Fuels & Oil took a PPP loan in the amount of $1,795,000 and then forgiveness in the amount of $1,805,172 to which it was not entitled.

63. Davison Fuels & Oil was owned and/or controlled by Tenex at the time the loan and forgiveness were approved.

**U. Wellspring Capital Management Group LLC**

64. Wellspring Capital Management is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 605 Third Avenue – 44 Floor, New York, NY 10158 and 250 Royal Palm Way, Palm Beach, FL 33480.

65. Wellspring Capital Management purchased Cadence Petroleum Group also or formerly known as Pugh Lubricants and Davison Fuels & Oil in or about October 2020 and is therefore liable for the false PPP loan and forgiveness applications and monies received by Pugh Lubricants and Davison Fuels & Oil.

**V. Lindstrom LLC**

66. Lindstrom LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 2950 100th Court NE, Blaine, Minnesota 55449.

67. Lindstrom purchased Big Bolt in December 2024 through that purchase is liable only for the false claims committed by or on behalf of and PPP funds obtained by Big Bolt.

**W. Best Promotions LLC**

68. Best Promotions LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 1525 Washington St Braintree, MA 02184-7530.

69. Best Promotions took a PPP loan in the amount of $1,155,200 and then forgiveness in the amount of $1,166,720 to which it was not entitled.

70. Best Promotions was owned and/or controlled by Tenex at the time the loan and forgiveness applications were approved.

**X. Beacon Promotions, Inc.**

71. Beacon Promotions is a corporation organized under the laws of state of Minnesota with a principal place of business at 25 Washington St Braintree, MA 02184-7530.

72. Beacon Promotions took a PPP loan in the amount of $1,097,398 and then forgiveness in the amount of $877,044to which it was not entitled.

73. Beacon Promotions was owned and/or controlled by Tenex at the time the loan and forgiveness applications were approved.

## JURISDICTION AND VENUE

74. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345 because this action involves a federal question and the United States is plaintiff. This Court also has subject matter jurisdiction under 31 U.S.C. § 3732(a).

75. The Court may exercise personal jurisdiction over Defendants under 31 U.S.C. § 3732(a). The Court has personal jurisdiction over Defendants because, by virtue of the scheme described herein, they transact business within this District.

76. Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) & (c) because Defendants transact business or can be found within this District and a substantial part of the events establishing the alleged claims arose in this District.

77. Under 31 U.S.C. § 3730(b)(2), this Complaint was filed in camera and under seal and shall not be served on Defendants until the Court so orders.

## FACTS

### I. Governing Law

#### A. The Federal False Claims Act

78. The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval," "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," or conspires to do so. 31 U.S.C. § 3729(a)(1).

79. As of the date of filing, any person found to have violated these provisions is liable for a civil penalty of not less than $13,9468 and not more than $27,894 for each such violation, plus three times the damage sustained by the Government.

80. The FCA imposes liability where conduct is "in reckless disregard of the truth or falsity of the information" and clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b).

81. The FCA also broadly defines a "claim" to include "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that - ... is made to a contractor, grantee, or other recipient if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest ... " 31 U.S.C. § 3729(b)(2)(A).

82. The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to sue on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any defendant. The complaint remains under seal while the Government conducts an investigation of the allegations and determines whether to intervene. 31 U.S.C. §3730(b).

**B. <u>The Paycheck Protection Program</u>**

83. The Paycheck Protection Program ("PPP") is the United States Government business loan program established in 2020 through the Coronavirus Aid, Relief, and

Economic Security Act ("CARES Act") to help certain businesses, self-employed workers, sole proprietors, certain nonprofit organizations, veterans' organizations, and tribal businesses to continue paying their workers. The program is implemented by the U.S. Small Business Administration ("SBA").

84. The PPP allowed qualified entities to apply for low-interest private loans to pay for their payroll and certain other operating costs. Under the PPP, the allowable amount of a PPP loan was calculated based on the borrowing entity's average monthly payroll costs multiplied by 2.5.[1]

85. The PPP loan had to be used to cover payroll costs, rent, interest, and utilities.

86. The loan may be partially or fully forgiven if the business keeps its employee counts and employee wages stable.

87. The deadline for entities to apply for a PPP loan was initially June 30, 2020, which was later extended to August 8, 2020.

---

[1] *See* How to Calculate Maximum Loan Amounts – by Business Type, U.S. Small Business Administration, (Jun. 26, 2020) https://www.sba.gov/sites/default/files/2020-06/How-to-Calculate-Loan-Amounts-508_1.pdf (last visited September 7, 2022).

88. The PPP was reopened on January 11, 2021. The Program ended on May 31, 2021.[2]

89. The PPP was added under Section 1102 of the CARES Act by amending Section 7(a) of the Small Business Act, 15 U.S.C. § 636(a) *et seq.*, which temporarily permitted the SBA to guarantee 100 percent of the PPP loans.

90. Section 1106 of the CARES Act, which also amended Section 7(a), further provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

***i. <u>Affiliation Rules</u>***

91. The PPP loan program was designed and intended to benefit small businesses.

92. For the purposes of first round PPP loans, the relevant statutes and regulations defined small businesses as those entities with 500 or fewer employees.

93. SBA's existing affiliation rules apply to the PPP loan program's definition of small businesses. In other words, all employees of the entities under the same ownership or control "count" towards the 500-employee limit.

---

[2] *See* Paycheck Protection Program, U.S. SMALL BUSINESS ADMINISTRATION, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program (last visited Dec. 9, 2021).

94. 13 C.F.R. 121.106 (a) sets out how the SBA calculates the number of employees, in pertinent part, as follows:

> (a) In determining a concern's number of employees, SBA counts all individuals employed on a full-time, parttime, or other basis. This includes employees obtained from a temporary employee agency, professional employer organization or leasing concern. SBA will consider the totality of the circumstances, including criteria used by the IRS for Federal income tax purposes, in determining whether individuals are employees of a concern.

95. The SBA repeatedly clarified that the affiliation rules at 13 C.F.R. § 121.301(f) applied to PPP loans and that for the purposes of counting employees, all foreign and domestic affiliated employees **must** be counted. For example, the SBA's March 12, 2021, FAQs included question 44 on this topic:

> 44. **Question:** How do SBA's affiliation rules at 13 C.F.R. 121.301(f) apply with regard to counting the employees of foreign and U.S. affiliates?
>
> **Answer:** For purposes of the PPP's 500 or fewer employee size standard (or 300 employee size standard for Second Draw PPP Loans and certain entities for First Draw PPP Loans), an applicant **must count all of its employees and the employees of its U.S and foreign affiliates**, absent a waiver of or an exception to the affiliation rules. 13 C.F.R. 121.301(f)(6). Business concerns seeking to qualify for a First Draw PPP Loan as a "small business concern" under section 3 of the Small Business Act (15 U.S.C. 632) on the basis of the employee-based size standard must do the same.

March 12, 2021 SBA FAQs (emphasis added).

96. The applicable affiliation rules appear at 13 C.F.R. § 121.301.

> Concerns and entities are affiliates of each other when one controls or has the power to control the other, **or a third party or parties controls or has the power to control both**. It does not matter whether control is exercised, so long as the power to control exists.

13 C.F.R. § 121.301(f) (emphasis added).

> For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity.

13 C.F.R. § 121.301(f)(1).

97. The affiliation rules presented a special problem for certain industries which typically organize themselves as several nominally individual businesses owned or controlled by a single entity.

98. To address this reality, Congress provided statutory carveouts for certain parts of the hospitality industry and some franchise businesses. *See* 15 U.S.C. § 636(A)(36)(D)(iv).

99. Importantly, no such carveout exists for any of the Defendants named herein.

100. The SBA often specifically warned potential borrowers that civil and criminal liability could attach to false applications. *See e.g.,* 85 Fed. Reg. 20811 at 20814 (April 15, 2020).

## II. Violations of the False Claims Act

101. Defendants violated the False Claims Act by submitting materially false applications and supporting materials in connection with applications for PPP loans and then forgiveness of those loans.

### A. PPP Loan Applications

102. Defendants applied for and obtained a series of PPP loans and then forgiveness of those loans to which they were not entitled.

103. The below chart displays the name of the company, the date PPP loans were issued to them, the amount of any PPP loans, the dates and amounts of any forgiveness, and the number of jobs the company reported in connection with each loan.

| Company | Loan Date | Amount | Forgiveness Date | Forgiveness Amount | Reported Employees |
|---|---|---|---|---|---|
| SES Foam | Apr 15, 2020 | $1,022,209 | May 21, 2021 | $1,033,299 | 47 |
| Roscoe Medical | Apr 10, 2020 | $2,957,700 | Jun 15, 2021 | $2,991,653 | 206 |
| Terryberry Company | Apr 9, 2020 | $3,213,300 | Jun 23, 2021 | $3,251,331 | 221 |
| Big Bolt | Apr 16, 2020 | $1,513,700 | Mar 31, 2021 | $1,527,996 | 111 |
| Smile Design Dentistry St Pete | Apr 15, 2020 | $2,660,627 | Jun 11, 2021 | $2,691,150 | 293 |
| Smile Design Westchase | Apr 14, 2020 | $613,302 | Mar 18, 2021 | $618,873 | 29 |
| Benesys | Apr 15, 2020 | 10,000,000 | Aug 5, 2021 | $10,130,833 | 500 |

| Company | Loan Date | Amount | Forgiveness Date | Forgiveness Amount | Reported Employees |
|---|---|---|---|---|---|
| Auto Vehicle Parts Holdings | Apr 15, 2020 | $1,453,000 | Feb 25, 2021 | $1,465,270 | 110 |
| US Greenfiber | Apr 10, 2020 | $2,098,367 | Jun 11, 2021 | $2,122,265 | 236 |
| NE Fibers | Apr 10, 2020 | $561,575 | Mar 31, 2021 | $566,879 | 78 |
| Pugh Lubricants | Apr 11, 2020 | $4,101,600 | Jun 11, 2021 | $4,149,680 | 285 |
| Davison Fuels & Oil | Apr 11, 2020 | $1,795,000 | Nov 12, 2020 | $1,805,172 | 117 |
| Best Promotion s | Apr 13, 2020 | $1,155,200 | Apr 16, 2021 | $1,166,720 | 182 |
| Beacon Promotion s | Apr 28, 2020 | $1,097,398 | May 21, 2021 | $877,044 | 13 |
| **TOTALS** | | **$34,242,978** | | **$34,398,165** | **2428** |

**B. Knowingly False Statements**

104. Each of the above-described PPP loan and forgiveness applications constitute false claims.

105. Each of the above-described PPP loan and forgiveness applications are false because they make, at a minimum, the below false statements:

a. The number of jobs reported do not account for the SBA's affiliation rules and thereby meaningfully and falsely underreport the number of jobs or employees at issue;

b. Upon information and belief, the applications falsely attest that each company lacks access to other sources of liquidity; and

c. Upon information and belief, the applications falsely attest to compliance with the PPP program and entitlement to the PPP loan and forgiveness funds.

### *i.* ***Too Many Employees***

106. In reality, each of the Defendant companies that obtained PPP loans are affiliated with each other and with Tenex as the word "affiliation" is defined and used in the relevant SBA regulations.

107. Counting only the employees listed in the applications listed above, Defendants have at least 2428 employees and none of them can qualify for PPP loan funds or forgiveness.

108. In addition, through Tenex, each Defendant was affiliated with additional employees.

109. As a result, none of the Defendant Companies that applied for and received PPP and forgiveness monies qualified for PPP forgiveness making each of the applications false at least insofar as each reported or attested to compliance with the PPP loan and forgiveness program rules, regulations, and laws.

### *ii.* ***NAICS Size Standards***

110. The SBA's NAICS size standards provide an alternative metric, either a total annual receipts or alternative number of employees, for determining company size for companies in certain NAICS Code categories.

111. Just as the proper counting of employees must include the employees of all affiliates, so too must any calculation of annual receipts include the revenue of all affiliates. 13 CFR § 121.104.

112. While some of the Defendant companies claimed NAICS Codes subject to alternative size standards, none of those alternative size standards are met here.

113. For example, SES Foam claimed NAICS code 326150 (Urethane and Other Foam Product (except Polystyrene) Manufacturing) which has a NAICS employee count standard of 750.

114. BeneSys, Inc. claimed NAICS code 511210 (Software Publishers) which has NAICS revenue size of $41.5M.

115. However, the employees listed in the loan applications total 2,428 and, upon information and belief, SES Foam, BeneSys, Pugh, and Greenfiber **each** generate in excess of $41.5M in revenue each year. Certainly as a group, Defendants generate far in excess of $41.5M annually.

116. Additionally, the maximum PPP loan amount is 2.5 times the average total monthly payroll costs incurred in the one-year period before the loan origination date.

Defendants received $34,242,978 in first round PPP loans. That amount divided by 2.5 is $13,697,191, which represents the average total monthly payroll costs. Twelve times this number is $164,366,294 and Defendants' total annual payroll for the locations associated with each loan. If Defendants chose not to take out the maximum loan amount, it would mean their payroll was even larger. Clearly, if defendants had a payroll of more than $164M, then their revenue exceeded $41.5 million at the time they applied for PPP loans.

117. Defendants cannot meet any applicable NAICS size standard here.

118. Naturally, adding Tenex's other sources of affiliated revenue, as required, just emphasizes the point.

119. Regardless of which standard is applied, Defendants did not qualify for the loans or forgiveness they sought and received.

### C. <u>Liability of Tenex</u>

120. The collection of corporations, limited liability companies, general partners, and limited partnerships that compose the private equity conglomerate known as Tenex owns or controls other funds and entities which themselves own or control various portfolio companies including the Defendant companies that took PPP loans.

121. It is through this ownership and control that Tenex is liable for the false PPP loan and forgiveness applications and monies received by the other named Defendants.

**D. Liability of Holcim**

122. Holcim purchased SES Foam in 2022 and currently owns that company. Through its current ownership of SES Foam, Holcim is liable for the false PPP loan and forgiveness applications and monies received by SES Foam only.

**E. Liability of Lindstrom LLC**

123. Lindstrom LLC purchased Big Bolt at the end of December 2024. Through its current ownership of Big Bolt, Lindstrom is liable for the false PPP loan and forgiveness applications and monies received by Big Bolt only.

**F. Liability of Green Fiber Holding LLC**

124. Green Fiber Holding is a paper company that owns and/or controls NE Fibers LLC and US Greenfiber LLC. Tenex in turn owns and/or controls Green Fiber Holding and through it NE Fibers LLC and US Greenfiber LLC.

125. In this way, Green Fiber Holding is directly responsible and liable for the false PPP loan and forgiveness applications and monies received by both NE Fibers and US Greenfiber and liable with the other defendants jointly and severally through Count III: Conspiring to violate the False Claims Act.

**G. Liability of Applegate Greenfiber Holdings LLC**

126. Applegate Greenfiber Holdings purchased Greenfiber Holdings, NE Fibers, and US Greenfiber in December 2021.

127. As such, Applegate Greenfiber Holdings is directly responsible and liable for the false PPP loan and forgiveness applications and monies received by both NE Fibers and US Greenfiber only.

### H. Liability of Wellspring Capital Management

128. Wellspring Capital Management purchased Pugh Lubricants in or about October 2021 and is therefore directly liable for the false PPP loan and forgiveness applications and monies received by Pugh Lubricants only.

### I. Liability of GHK Capital Partners

129. GHK Capital Partners purchased Auto Vehicle Parts in or about May 2022 and is therefore liable for the false PPP loan and forgiveness applications and monies received by Auto Vehicle Parts only.

## CAUSES OF ACTION

### COUNT I
### Violations of the False Claims Act: Presenting or Causing a False Claim (31 U.S.C. § 3729(a)(1)(A))

130. The foregoing allegations are repeated and realleged as if fully set forth herein.

131. The False Claims Act, 31 U.S.C. § 3729(a)(1)(A), imposes liability upon those who knowingly present or cause to be presented false claims for payment or approval.

132. Defendants knowingly and willfully violated the False Claims Act by presenting, or causing to be presented, false claims for payment or approval.

133. Specifically, and as alleged in more detail above, Defendants presented, or caused to be presented, materially false applications for PPP loan funds and then for forgiveness of the resulting loans.

134. Defendants certified compliance with applicable PPP laws, rules, and regulations despite not being compliant.

135. Defendants similarly certified the existence of facts which were not true.

136. Defendants knew or should have known (as defined in 31 U.S.C. § 3801(a)(5)) that the facts and certifications to which they attested were not true and that they made, presented, or submitted, or caused to be made, false or fraudulent claims for payment to the government.

137. Each of the applications submitted or caused to be submitted by Defendants is a separate false and fraudulent claim.

138. Defendants presented or caed to be presented these claims knowing their falsity, or in deliberate ignorance or reckless disregard that such claims were false.

139. The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent claims, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

140. Because of these false or fraudulent claims submitted or caused to be submitted by Defendants, the United States has been damaged in an amount to be determined at trial.

**COUNT II**
**Violations of the False Claims Act:**
**Making, Using, or Causing to be Used a False Record or Statement**
**(31 U.S.C. § 3729(a)(1)(B))**

141. The foregoing allegations are repeated and realleged as if fully set forth herein.

142. The False Claims Act, 31 U.S.C. § 3729(a)(1)(B), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to a false or fraudulent claim.

143. Defendants knowingly and willfully violated the False Claims Act by making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

144. Specifically, for purposes of obtaining or aiding to obtain PPP loans and then forgiveness of those loans, Defendants made or presented, or caused to be made or presented, to the United States false or fraudulent applications and/or records, knowing these materials to be false or fraudulent, or acting with reckless disregard or deliberate ignorance thereof.

145. Each application or record submitted to the Government in support of Defendants' above-described false claims is a separate false record or statement and separate violation of 31 U.S.C. § 3729(a)(1)(B).

146. The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent applications and/or records, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

147. Because of these false or fraudulent statements submitted or caused to be submitted by Defendants, the United States paid the claims, resulting in damages to the United States in an amount to be determined at trial.

**COUNT III**
**Violations of the False Claims Act: Conspiring to Violate the False Claims Act**
**(31 U.S.C. § 3729(a)(1)(C))**
**(All Defendants)**

148. The foregoing allegations are repeated and realleged as if fully set forth herein.

149. The False Claims Act, 31 U.S.C. § 3729(a)(1)(C), imposes liability upon those who conspire to commit a violation of another sub-section of the False Claims Act.

150. Defendants knowingly, in reckless disregard, and/or in deliberate ignorance of the truth conspired between themselves, with their employees and administrators, and others, to violate the False Claims Act.

151. Defendants conspired to submit false and fraudulent claims related to their applications for PPP loan and forgiveness funds and the use of those funds.

152. Defendants did in fact submit false and fraudulent claims for PPP loan funds and forgiveness.

153. As a consequence of their conspiracies, the United States paid money in connection with the forgiveness of the PPP loan when it would not have but for Defendants' unlawful conduct.

154. As a result of this conspiracy, and the resulting false or fraudulent claims submitted or caused to be submitted by Defendants, the United States paid the claim(s), resulting in damages to the United States in an amount to be determined at trial.

**COUNT IV**
**Violations of the False Claims Act: Obligation to Repay**
**(31 U.S.C. § 3729(a)(1)(G))**

155. The foregoing allegations are repeated and realleged as if fully set forth herein.

156. The False Claims Act, 31 U.S.C. § 3729(a)(1)(G), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

157. Upon receipt of improperly obtained PPP loan forgiveness funds, Defendants had an obligation to repay and refund to the Government the amounts paid by the Government.

158. Defendants knowingly and willfully violated the False Claims Act by failing to so repay or refund the monies received.

159. The United States was unaware of the foregoing circumstances and conduct of Defendants.

160. Had the government been aware of Defendants' knowing false certifications and knowing failure to return overpayments it would have taken steps to recover them.

161. The United States has been damaged as a result in an amount to be determined at trial.

**WHEREFORE, Relator, on behalf of himself as well as the United States requests the following relief:**

a. A judgment against Defendants, joint and several, in an amount equal to all damages due to the Government, including treble damages, under the FCA;

b. A judgment against Defendants, joint and several, for all civil penalties due to the Government for Defendant's violations of the FCA;

c. That Relator recover from Defendants, joint and several, all costs of this action, with interest, including the cost to the Government for its expenses related to this action;

d. That Relator recover from Defendants, joint and several, all reasonable attorneys' fees in bringing this action;

e. That Relator be awarded the maximum amount of the proceeds of this action as allowed under 31 U.S.C. § 3730, and/or any other applicable provision of law;

f. That a trial by jury be held on all issues so triable;

g. An award of pre- and post-judgment interest; and

h. Such other and further relief to Relator and/or the United States of America as this Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Under Rule 38 of the Federal Rules of Civil Procedure, Relator hereby requests a trial by jury.

By:

/s/ Darth M. Newman

Darth M. Newman
Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, # 601
Coraopolis, PA 15108
PA ID#: 209448
Telephone: 412-436-3443
Email: darth@dnewmanlaw.com

*Counsel for Plaintiff Relator*

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 1565 9395 73

Retail

UNITED STATES POSTAL SERVICE®

49503

RDC 03

U.S. POSTAGE PAID
PM
CORAOPOLIS, PA 15108
JAN 24, 2025

$17.37

S2324N500754-35

LAW OFFICES OF
DARTH M. NEWMAN
1140 Thorn Run Rd, #601
Coraopolis, PA 15108

To

Ann E. Filkins, Clerk of Court
United States District Court for the
Western District of Michigan
399 Federal Bldg
110 Michigan St NW
Grand Rapids MI 49503

PRIORITY MAIL

TRACKED ★ ★ ★ INSURED ★

UNITED STATES POSTAL SERVICE®

For Domestic and International Use

Label 107R, May 2014